UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Edward L. Nalley )<br>　　*Plaintiff* )<br> )<br>v. )<br> )<br>Synchrony Bank )<br>　　*Defendant* )<br>Serve: )<br>　　Synchrony Bank )<br>　　170 West Election Road )<br>　　Suite 125 )<br>　　Draper, UT 84020 )<br> )<br>Receivables Performance Management, LLC )<br>　　*Defendant* )<br>Serve: )<br>　　CT Corporation System )<br>　　306 W. Main Street )<br>　　Suite 512 )<br>　　Frankfort, KY 40601 )<br>　　　　　　　　　　　　　　　　　　　　　) | Case No. 3:16-CV-538-DJH |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.   This is an action brought by Plaintiff Edward L. Nalley for Defendant Synchrony Bank's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and Defendant Receivables Performance Management, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION

2.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. §1692k(d), and the FCRA § 1681p.

### PARTIES

3.   Plaintiff Edward L. Nalley is a natural person who resides in Jefferson County, Ky. Mr. Nalley is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a (3); and the FCRA, as defined at 15 U.S.C. § 1681a(c).

4. Synchrony Bank ("Synchrony") is a federal savings association with its headquarters located at 170 West Election Road, Suite 125, Draper, UT 84020. Synchrony is furnisher and user of consumer credit reports within the meaning of the FCRA.

5. Receivables Performance Management, LLC ("RPM") is a Washington limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. RPM's principal place of business is located at 20816 44th Avenue West, Lynnwood, WA 98036.

6. RPM is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6) and a furnisher of information within the meaning of the FCRA.

## STATEMENT OF FACTS

**I.    Facts Relating to Synchrony Bank**

5. Mr. Nalley opened a Synchrony Bank Care Credit account in May 2014.

6. Mr. Nalley paid off his Care Credit account in July 2014.

7. Synchrony Bank closed Mr. Nalley's Care Credit account in December 2015.

8. Synchrony Bank sent Mr. Nalley a letter dated December 13, 2015 advising him that Synchrony closed his Care Credit account based on a review of his "entire credit history."

9. On February 5, 2016, Synchrony requested a copy of Mr. Nalley's consumer credit report from Trans Union, LLC.

10. Mr. Nalley did not apply for credit with Synchrony Bank on or about February 5, 2016.

11. At the time that Synchrony Bank requested Mr. Nalley's consumer credit report there was no Synchrony Bank account to review, because Synchrony Bank had closed the account a few months before.

12. Consequently, Synchrony Bank did not have a permissible purpose under the FCRA for requesting Mr. Nalley's consumer credit report from Trans Union.

13. Mr. Nalley's consumer credit report is replete with sensitive personal information. The unauthorized release of Mr. Nalley's consumer credit report was highly offensive to Mr. Nalley, as it would be to any other reasonable person.

**II.     Facts Relating to Receivables Performance Management, LLC**

13.     On May 13, 2016, Mr. Nalley requested, obtained, and reviewed his consumer credit report from Trans Union, LLC.

14.     Mr. Nalley's May 13, 2016 Trans Union consumer credit report includes negative credit information furnished by Receivables Performance Management, LLC ("RPM") in connection with a Sprint debt allegedly owed by Mr. Nalley.

15.     Mr. Nalley's May 13, 2016 Trans Union consumer credit report provides in pertinent part:

```
RECEIVABLES PERFORMANCE   #5148****
20816 44th Ave West
Lynwood, WA 98036
(888) 452-9175

Placed for          11/03/2015          Balance:            $3,087         Pay Status:    >In Collection<
collection:                             Date Updated:       02/28/2016
Responsibility:     Individual Account  Original Amount:    $1,780
Account Type:       Open Account        Original Creditor:  SPRINT
Loan Type:          COLLECTION                              (Cable/Cellular)
                    AGENCY/ATTORNEY     Past Due:           >$3,087<

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 07/2022
```

16.     Upon information and belief, the Sprint account was used solely for personal, family, and/or household purposes, which makes the Sprint debt a "debt" within the meaning of the FDCPA.

17.     RPM furnished negative credit information concerning Mr. Nalley and the Sprint debt to one or more consumer reporting agencies for the purpose of collecting a "debt" from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

18.     Upon information and belief, RPM added interest, fees, and/or costs of $1,307.00 to the original amount of the Sprint debt to reach the "Balance" of $3,087.00 as reported on Mr. Nalley's Trans Union consumer credit report.

19.     Upon information and belief, PRM had no legal right to accrue, assess, or collect the $1,307.00 it added to Mr. Nalley's alleged Sprint debt.

20.     PRM violated the FDCPA by transmitting false credit information concerning Mr. Nalley and the Sprint debt to one or more consumer reporting agencies, by falsely representing the   amount and legal status of the Sprint debt, and by adding interest and/or fees to the Sprint debt that PRM had no legal right to recover from Mr. Nalley.

## CLAIMS FOR RELIEF

**I.      Claims against Synchrony Bank**

21. Synchrony Bank requested and obtained Mr. Nalley's consumer credit report for a purpose not permitted under 15 U.S.C. § 1681b.

22. Mr. Nalley is entitled to recover his actual damages or $1,000.00, whichever is greater, under 15 U.S.C. § 1681n(b) from Synchrony Bank for its impermissible request for his credit report, plus his reasonable attorney's fees and costs.

**II.     Claims against Receivables Performance Management, LLC**

23. The foregoing acts and omissions of Receivables Performance Management, LLC violate the FDCPA, including 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsections of each statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Edward Nalley requests that the Court grant him the following relief:

1. Award Plaintiffs maximum statutory damages against each Defendant;

2. Award Plaintiffs actual damages against each Defendant;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com
*Counsel for Plaintiff*